## Moritz's License

*Daniel J. F. Flood*, for petitioner.
*E. F. McGovern*, for respondent.

VALENTINE, J., December 22, 1935.—This is an application by the Attorney General for the revocation of the liquor license granted to the respondent. The petition was filed under section 410 of the Act of November 29, 1933, P. L. 15, amended by the Act of July 18, 1935, P. L. 1246, which provides for the suspension or revocation of a license upon "proof . . . that the licensee . . . has . . . violated any of the laws of this Commonwealth relating to liquors".

It is alleged that the respondent violated section 601 (*b*) of said act, which makes it "unlawful for any person, except a manufacturer, or the board, or the holder of a sacramental wine license or an importer's license to possess any liquor within this Commonwealth which was not lawfully acquired prior to January first, nineteen thirty-four, or has not been purchased from a Pennsylvania Liquor Store."

The testimony established that a funnel together with a pot or pan containing a fluid composed of alcohol and water and colored with caramel was found in the rear of the building for which the license had been granted to the respondent, and that a jug partly filled with a similar mixture was in the custody of an employe of the respondent in a part of the building in which the respondent conducts a store. A chemist employed by the liquor board testified to the analysis of the fluid.

At the time of the visit by the enforcement officers, the respondent was absent and returned home several days later. He testified he knew nothing of the alleged violation. The girl from whom the enforcement officers took the jug was still in the respondent's employ but was not called as a witness.

We cannot adopt the contention of the respondent's counsel that to warrant a finding that the respondent has been guilty of a violation of the liquor laws it is essential that the liquor not purchased at a State store or lawfully acquired prior to January 1, 1934, be found in the portion of the building where the respondent dispensed liquor. If this be so, the requirement of the law could readily be evaded by keeping contraband liquor in a different portion of the building or immediately adjacent thereto. The law provides that a person who violates any of the laws of this Commonwealth relating to liquors shall forfeit his license. Possession of contraband liquor is illegal. The liquor was upon the premises of the respondent and a portion of it was in the physical custody of an employe.

Failure to call this girl or satisfactorily explain her absence justifies the inference that her testimony would be unfavorable to the respondent. We, therefore, conclude that the respondent has violated a provision of the laws of the Commonwealth relating to liquors, and direct that his license be suspended for the period of two months from January 1, 1936.